# Exhibit 2



UNITED STATES PATENT AND TRADEMARK OFFICE



UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/904,270 | 07/12/2001 | Peter Henrik Pedersen | PHP-168 | 2027 |

24119        7590        02/10/2005

SHERMAN D PERNIA, ESQ., PC
1110 NASA ROAD ONE
SUITE 450
HOUSTON, TX  77058-3310

| EXAMINER |
|---|
| CHANG, JUNGWON |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2154 | |

DATE MAILED: 02/10/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 09/904,270 | PEDERSEN, PETER HENRIK |
| | Examiner | Art Unit | |
| | Jungwon Chang | 2154 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>11 April 2002</u>.

2a)☐ This action is **FINAL**.   2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-23</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-23</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are:  a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

        1.☐ Certified copies of the priority documents have been received.

        2.☐ Certified copies of the priority documents have been received in Application No. _____.

        3.☐ Copies of the certified copies of the priority documents have been received in this National Stage
application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08)
Paper No(s)/Mail Date <u>7/12/01</u>.

4)☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application (PTO-152)

6)☐ Other: _____.

Application/Control Number: 09/904,270                                   Page 2
Art Unit: 2154

## DETAILED ACTION

1.      Claims 21-23 are added in the preliminary amendment filed on 4/11/02. Claims

1-23 are presented for examination.


2.      It is noted that although the present application contains line numbers in claims,

the line numbers in the claims do not correspond to the preferred format. The preferred

format is to number each line of every claim with each claim beginning with line 1. For

ease of reference by both the examiner and applicant all future correspondence should

include the recommended line numbering.


3.      One cited reference in information disclosure statement (IDS) dated on July 12,

2001 is incorrect (i.e., 5,763,033, Miloslavsky should be 5,765,033). Examiner has

corrected it and considered the information disclosure statement.


### *Claim Rejections - 35 USC § 112*

4.      The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly
> claiming the subject matter which the applicant regards as his invention.

5.      Claims 5 and 6 are rejected under 35 U.S.C. 112, second paragraph, as being

indefinite for failing to particularly point out and distinctly claim the subject matter which

applicant regards as the invention.

Application/Control Number: 09/904,270                                    Page 3
Art Unit: 2154

    a.    The claim language in the following claims is not clearly understood:

    i.    As to claims 5 and 6, line 4, it is uncertain whether "the global

communications network" refers to "a global network" line 2 or "a global digital

communications network" in claim 1, lines 2-3;


### Claim Rejections - 35 USC § 102

6.    The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

7.    Claim 1 is rejected under 35 U.S.C. 102(e) as being anticipated by Kamakura et

al. (US 6,047,310), hereinafter referred to as Kamakura.


8.    As to claim 1, Kamakura discloses an electronic message management system

(11, fig. 3; col. 1, lines 8-12) comprising:

    an electronic computer system (receiver terminal, 13, fig. 2; sender terminal, 14,

fig. 2; distribution host computer; 11, fig. 2) in operative communication with a global

digital communications network (network, 12, fig. 2) (col. 5, lines 53-64); and

    an electronic message management database (relational database; col. 12, lines

Application/Control Number: 09/904,270                                    Page 4

Art Unit: 2154

61-65; col. 1, lines 51-58; col. 6, lines 5-13 and 16-25) in operative communication with

the computer system (figs. 4, 5; col. 6, lines 41-55; col. 7, lines 13-25).


### *Claim Rejections - 35 USC § 103*

9.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

10.     Claims 2-23 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Kamakura et al. (US 6,047,310), in view of Capps (US 6,711,682).


11.     As to claim 2, Kamakura discloses wherein the electronic computer system

further comprises:

        a recipient profile (22, 24, fig. 3; fig. 8; fig. 11) for receiving recipient profile data

(receiver attributes; age, sex, occupation; col. 2, lines 8-13; col. 4, lines 53-54) from

recipients (receiver terminal, 13, fig. 2) via the global network (network, 12, fig. 2) (fig. 4;

fig. 9; col. 1, lines 61-65; col. 2, lines 63-67; col. 6, lines 41-55; col. 8, lines 28-48; col.

10, lines 14-18) and storing the recipient data (fig. 11; storing medium; storing unit; col.

1, lines 51-58; col. 6, lines 16-25; col. 8, lines 36-48; col. 10, lines 18-38; relational

database; col. 12, lines 61-65);

        a messenger profile (sender profile, 32, fig. 3) for receiving messenger profile

data (sender profile data; fig. 13) from messenger (sender terminal, 14, fig. 2) via the

Application/Control Number: 09/904,270                                    Page 5
Art Unit: 2154

global network (network, 12, fig. 2) (register sender profile; S11, fig. 5; col. 11, lines 45-

58) and storing the messenger data (fig. 17; storing medium; storing unit; col. 1, lines

51-58; col. 6, lines 16-25; col. 11, line 59 – col. 12, line 4; col. 13, line 64 – col. 14, line

9; relational database; col. 12, lines 61-65);

a message input (26, fig. 3) for receiving message files (advertisement

documents) from a messenger (sender terminal, 14, fig. 2) via the global network

(network, 12, fig. 2) (S12, fig. 5; col. 7, lines 16-25) and storing the message files

(transmission advertisement document number; fig. 13; col. 6, lines 16-25; col. 13, lines

51-63; relational database; col. 12, lines 61-65); and

an individual message generator (23, fig. 3) in communication with the database

(sends an inquiry composed of retrieval expressions to the database; col. 12, lines 61-

65) and operative to access and utilize data and files from the database to generate an

individual message to be sent via the global communications network to a recipient

specified by a messenger (col. 7, lines 40-65; col. 12, lines 39-65).


12.    Kamakura discloses a recipient sends (fig. 4; fig. 9; col. 6, lines 41-55; col. 8,

lines 28-48; col. 10, lines 14-18) and stores recipient profile data (storing medium;

storing unit; col. 1, lines 51-58; col. 6, lines 16-25; col. 8, lines 36-48; col. 10, lines 18-

38; relational database; col. 12, lines 61-65); messenger transmits (register sender

profile; S11, fig. 5; col. 11, lines 45-58) and stores messenger profile data (fig. 17;

storing medium; storing unit; col. 1, lines 51-58; col. 6, lines 16-25; col. 11, line 59 – col.

12, line 4; col. 13, line 64 – col. 14, line 9; relational database; col. 12, lines 61-65); and

message input sends (S12, fig. 5; col. 7, lines 16-25) and stores message file (col. 6,

lines 16-25; col. 13, lines 51-63; relational database; col. 12, lines 61-65). However,

Kamakura does not specifically use a word "application". Capps discloses applications

(114, fig. 1; registration wizard; col. 1, lines 25-41; col. 3, lines 8-11 and 28-30;

computer-executable instructions; col. 4, lines 10-24). It would have been obvious to

one of ordinary skill in the art at the time the invention was made to combine the

teachings of Kamakura and Capps because Capps's application would improve the

performance of Kamakura's system by allowing the system to provide computer

instructions to execute the tasks, thereby improving the performance of fast data

transfer between the client and server.


Kamakura discloses information is stored in a relational database and retrieved from the

database (relational database; col. 12, lines 61-65). However, Kamakura does not

specifically disclose storing data in the database. Capps discloses storing data in the

database (data source; 118, 122; fig. 1; col. 3, lines 15-17 and 31-34; col. 8, lines 46-

62). It would have been obvious to one of ordinary skill in the art at the time the

invention was made to combine the teachings of Kamakura and Capps because Capps'

storing data in database would improve speed of search by allowing the user to flexibly

and easily search and inquire by writing simple queries.


13.     As to claim 3, Kamakura does not specifically disclose message management

server operating system. However, Capps discloses message management server

operating system (112, fig. 1; col. 3, lines 11-14). It would have been obvious to one of

ordinary skill in the art at the time the invention was made to combine the teachings of

Kamakura and Capps because Capps's operating system would improve the

performance of Kamakura's system by quickly supporting the application.


14.     As to claim 4, it is rejected for the same reasons set forth in claim 2 above.

Kamakura discloses wherein the message management database (relational database;

col. 12, lines 61-65; col. 1, lines 51-58; col. 6, lines 5-13 and 16-25) further comprises

recipient and messenger profile storages for storing recipient (storing medium; storing

unit; col. 1, lines 51-58; col. 6, lines 16-25; col. 8, lines 36-48; col. 10, lines 18-38) and

messenger profile data (storing medium; storing unit; col. 1, lines 51-58; col. 6, lines 16-

25; col. 11, line 59 – col. 12, line 4) respectively, and a message storage for storing

message data files (col. 6, lines 16-25; col. 13, lines 51-63).


15.     As to claim 5, it is rejected for the same reasons set forth in claim 2 above. In

addition, Kamakura discloses a global network (12, fig. 2) interactive recipient profile

input form (fig. 8), the recipient profile input form being accessible to a recipient

computer via global communications network (S20, S22, fig. 9; S30, S31, S36, fig. 10;

fig. 12; col. 6, lines 41-55; col. 8, line 67 – col. 9, line 7; col. 9, lines 31-41 and 65-67).


16.     As to claim 6, it is rejected for the same reasons set forth in claim 2 above. In

addition, Kamakura discloses a global network interactive messenger profile input form

(fig. 13; fig. 17), the messenger profile input form being accessible to a messenger

computer via the global communications network (fig. 14; col. 7, lines 13-25; col. 12,

lines 39-55; col. 13, line 64 – col. 14, line 9).


17.     As to claim 7, it is rejected for the same reasons set forth in claim 2 above. In

addition, Kamakura discloses message input form being accessible to a messenger

computer via a global communications network (26, fig. 3; register transmission

advertisement document; S12, fig. 5; transmission advertisement document number, fig.

13; col. 7, lines 13-25).


18.     As to claims 8-10, it is rejected for the same reasons set forth in claim 2 above.

In addition, Kamakura discloses a network interface (network interface card connects a

terminal to network; fig. 2; col. 5, lines 53-64) and editor for manipulating the recipient

profile, sender profile, and message (col. 16, lines 51-61; col. 18, lines 64-67).


19.     As to claim 11, it is rejected for the same reasons set forth in claim 1 above. In

addition, discloses a method of inputting data into a message management system (11,

figs. 2-3) from client computers (receiver terminal, 13, fig. 2; sender terminal, 14, fig. 2)

via a global communication network (network, 12, fig. 2), to centrally manage the

distribution (col. 4, lines 35-57) and delivery format of electronic message from multiple

messenger sources to multiple individual recipients (col. 5, lines 16-20), comprising the

steps of:

Application/Control Number: 09/904,270                                    Page 9
Art Unit: 2154

providing the client computers (receiver terminal, 13, fig. 2; sender terminal, 14,

fig. 2) with access to the message management system via a global communications

network, where the client computers are messenger (sender terminal, 14, fig. 2) and

recipient computers (receiver terminal, 13, fig. 2) (col. 5, lines 53-64);

connecting the client computer to the message management system via the

global communication network (fig. 2; fig. 3; col. 5, lines 53-64);

prompting the client computer for the data to be input by providing a data input

form to the client computer (col. 4, lines 35-57; col. 6, lines 41-55; col. 7, lines 13-25);

and

accepting input data from the client computer (S20, fig. 9; S30, fig. 10; fig. 12)

and entering the input data (fig. 11; fig. 13; col. 6, lines 45-55; col. 10, lines 18-38).


20.     Kamakura does not specifically disclose receiving a connectivity request from a

client computer for access to the message management system to input data. However,

Capps disclose receiving a connectivity request from a client computer for access to the

message management system to input data (col. 3, lines 21-30). It would have been

obvious to one of ordinary skill in the art at the time the invention was made to combine

the teachings of Kamakura and Capps because Capps's connectivity request would

improve the communication performance between client and system by allowing the

client to set up a communication link every time as needed.


Kamakura discloses information is stored in a relational database and retrieved from the

database (relational database; col. 12, lines 61-65). However, Kamakura does not specifically disclose storing data in the database. Capps discloses storing data in the database (data source; 118, 122; fig. 1; col. 3, lines 15-17 and 31-34; col. 8, lines 46-62). It would have been obvious to one of ordinary skill in the art at the time the invention was made to combine the teachings of Kamakura and Capps because Capps' storing data in database would improve speed of search by allowing the user to flexibly and easily search and inquire by writing simple queries.

21.    As to claim 12, Kamakura discloses wherein the prompting step includes providing an input form (fig. 8; fig. 13) to the client computer (13, 14, fig. 2) (col. 6, lines 41-55; col. 7, lines 13-25).

22.    As to claim 13, Kamakura discloses a recipient profile form (fig. 8), a messenger profile form (fig. 13; fig. 17), and a message input form (26, fig. 3; register transmission advertisement document; S12, fig. 5; transmission advertisement document number, fig. 13; col. 7, lines 13-25).

23.    As to claim 14, it is rejected for the same reasons set forth in claim 11. In addition, Kamakura discloses a recipient profile storage (storing medium; storing unit; col. 1, lines 51-58; col. 6, lines 16-25; col. 8, lines 36-48; col. 10, lines 18-38; relational database; col. 12, lines 61-65), a messenger profile storage (fig. 17; storing medium; storing unit; col. 1, lines 51-58; col. 6, lines 16-25; col. 11, line 59 – col. 12, line 4; col.

13, line 64 – col. 14, line 9; relational database; col. 12, lines 61-65), and a message

storage (col. 6, lines 16-25; col. 13, lines 51-63; relational database; col. 12, lines 61-

65).

24.    As to claim 15, it is rejected for the same reasons set forth in claim 2 above. In

addition, Kamakura discloses receiving and storing a plurality of messenger specific

profiles (sender profile; fig. 13) indicating delivery parameters for where, when and how

specific type of messages from each messenger must be delivered to a recipient

(distributing the profile of the sender along with advertisement information to the

receiver; col. 2, lines 48-54).

25.    As to claim 16, it is rejected for the same reasons set forth in claim 2 above. In

addition, Kamakura discloses receiving and storing messenger profile data, including

messenger identifying data (26, fig. 3; register transmission advertisement document;

S12, fig. 5; transmission advertisement document number, fig. 13; col. 7, lines 13-25).

26.    As to claim 17, it is rejected for the same reasons set forth in claim 2 above. In

addition, Kamakura discloses recipient identifications (receiver ID; fig. 11) and recipient

profile, which messages to deliver to the recipients and profiles stored (col. 1, lines 61-

65; col. 2, lines 63-67; col. 6, lines 41-55; col. 8, lines 28-48; col. 10, lines 14-18).

27.    As to claim 18, it is rejected for the same reasons set forth in claim 2 above. In

addition, Kamakura discloses recipient identifications (receiver ID; fig. 11) and recipient

profiles who are prevented from receiving a message from the messenger (reception

restriction; fig. 11; col. 2, lines 63-67; col. 10, line 39 – col. 11, line 6).

28.    As to claim 19, it is rejected for the same reasons set forth in claim 2. In addition,

Kamakura discloses wherein the individual message generator communicates with the

database (sends an inquiry composed of retrieval expressions to the database; col. 12,

lines 61-65) to identify messages and messenger parameters that are compatible with a

recipient profile, and to configure the messages for delivery to the recipient (select a

sender of information that satisfies the desired conditions of the receivers; col. 2, lines

3-16 and 25-27; col. 4, lines 44-48; col. 17, lines 27-33).

29.    As to claims 20-23, Kamakura discloses wherein the individual message

generator generates and sends the individual message via a means selected from the

group consisting of: electronic mail, voice telephone, facsimile transmission, and digital

transmission (col. 1, lines 8-12).

### *Conclusion*

30.    The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure:

Smith et al, patent 6,463,462, Herz et al, patent 6,571,279, Cook, patent 6,732,101,

Application/Control Number: 09/904,270                                     Page 13
Art Unit: 2154

Schiavone et al, 2002/0120692, Owens et al, 2005/0002503, Owens et al, patent

6,023,700 disclose a method and system for distributing electronic messages based

upon delivery preference of recipient.


31.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Jungwon Chang whose telephone number is 571-272-

3960.  The examiner can normally be reached on 9:30-6:00 (Monday-Friday).

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, John A Follansbee can be reached on 571-272-3964.  The fax phone

number for the organization where this application or proceeding is assigned is 703-

872-9306.

        Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

JWC
February 3, 2005

27-MAY-2005 19:02 FROM:MOETTELI ET ASSOCIES 0041712301001          TO:USPTO          P.3/16

*Docket NO. PHP-168*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| **Serial No.:** | 09/904,270 | § |
| | | § |
| **Applicant:** | Pedersen, P.H. | § |
| | | § |
| **Filing Date:** | 12 July 2001 | § |
| | | § |
| **Art Unit:** | 2154 | § |
| | | § |
| **Examiner:** | Chang, J. | § |
| | | § |
| **Docket No.:** | PHP-168 | § |
| | | § |

**RECEIVED**
**CENTRAL FAX CENTER**

**MAY 2 7 2005**

~~VIA FACSIMILE TRANSMISSION~~: 703-872-9306

Attn:  Examiner **Chang**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

### OFFICIAL REPLY AND AMENDMENT UNDER 37 CFR § 1.111

Dear Examiner Chang:

Responsive to the Office Action mailed 10 February 2005, Applicant respectfully requests reconsideration of the above-referenced application in view of the following amendments and remarks.  A Request for Extension of Time under 37 CFR §1.136(a) and fee payment accompany this Reply.

Amendments to the claims are reflected in the listing of claims which begins on page 2 of this paper; and Applicant's remarks begin on page 7.

---

**Certificate of Transmission Under 37CFR §1.08**

I, _____Sherman D. Pernia_____, hereby certify that this correspondence is being facsimile transmitted to the United States Patent and Trademark Office on the date below.

Date: _27 May 2005_  Signed: _Sherman Pernia_

*Docket NO. PHP-168*

# AMENDMENTS

<u>In the Claims</u>

The following listing of claims replaces all prior versions of the claims in the application:

1 (currently amended).   An electronic message management system comprising:

an electronic computer system in operative communication with a global digital communications network[[;]], and an electronic message management database in operative communication with the computer system<u>; the electronic computer system having</u>

<u>a recipient profile application for receiving recipient profile data from recipients via the global network and storing the recipient data in the database, the profile data including delivery parameters specified by a recipient of where, when and how specific types of messages from specific messengers are delivered to the recipient,</u>

<u>a messenger profile application for receiving messenger profile data from messengers via the global network and storing the messenger data in the database, including messenger identifying data,</u>

<u>a message input application for receiving message files from a messenger via the global network and storing the message files in the database, and</u>

<u>an individual message generator in communication with the database and operative to access and utilize data and files from the database to generate an individual message to be sent to the recipient specified by the messenger via the global communications network according to the delivery parameters, and a message management server operating system; and</u>

<u>the message management database including recipient and messenger profile databases for storing recipient and messenger profile data respectively, and a message database for storing message data files.</u>

-2-

*Docket NO. PHP-168*

2 (cancelled).

3 (cancelled).

4 (cancelled).

5 (currently amended).     The electronic message management system of ~~claim 2~~ claim1, wherein the recipient profile application includes a global network interactive recipient profile input form, the recipient profile input form being accessible to a recipient computer via the global <u>digital</u> communications network.

6 (currently amended).     The electronic message management system of ~~claim 2~~ claim1, wherein the messenger profile application includes a global network interactive messenger profile input form, the messenger profile input form being accessible to a messenger computer via the global <u>digital</u> communications network.

7 (currently amended).     The electronic message management system of ~~claim 2~~ claim1, wherein the message input application includes an interactive global network message input form, the message input form being accessible to a messenger computer via the global communications network.

8 (currently amended).  The electronic message management system of ~~claim 2~~ claim1, wherein the recipient profile application further comprises a network interface and a recipient profile editor for receiving recipient profile data from a recipient computer via the global network interface and for manipulating the recipient profile database to store the recipient profile data.

-3-

*Docket NO. PHP-168*

9 (currently amended).  The electronic message management system of ~~claim 2~~ claim1, wherein the messenger profile application further comprises a global network interface and a messenger profile editor for receiving messenger profile data from a messenger computer via the global network interface and for manipulating the messenger profile database to store the messenger profile data.

10 (currently amended).  The electronic message management system of ~~claim 2~~ claim1, wherein the message input application further comprises a global network interface and a message data file editor for receiving a message file data from a messenger computer via the global network interface and for manipulating the message database to store the message data file.

11 (original).  A method of inputting data into the message management system of claim 1 from client computers via a global communications network, to centrally manage the distribution and delivery format of electronic messages from multiple messenger sources to multiple individual recipients, comprising the steps of:

     providing the client computers with access to the message management system via a global communications network, where the client computers are messenger and recipient computers;

     receiving a connectivity request from a client computer for access to the message management system to input data;

 connecting the client computer to the message management system via the global communication network;

     prompting the client computer for the data to be input by providing a data input form to the client computer; and

     accepting input data from the client computer and entering the input data into an electronic message management database of the message management system.

*Docket NO. PHP-168*

12 (original). The method of claim 11, wherein the prompting step includes providing an input form to the client computer.

13 (original). The method of claim 11, wherein the prompting step includes providing an input form to the client computer, the input form being at least one input form selected from the group consisting of a recipient profile form, a messenger profile form, and a message input form.

14 (original). The method of claim 11, wherein the accepting step includes entering the input data into an electronic message management database comprising a recipient profile database, a messenger profile database, and a message database.

15 (cancelled).

16 (cancelled).

17 (currently amended). The electronic message management system of ~~claim 2~~ claim1, wherein the messenger profile application receives and stores messenger profile data, including recipient identifications and recipient profiles, which messages to deliver to the recipients and profiles stored.

18 (original). The messenger profile application of claim 17, further comprising recipient identification and recipient profiles for recipients who are prevented from receiving a message from the messenger.

19 (currently amended). The electronic message management system of ~~claim 2~~ claim1, wherein the individual message generator communicates with the database to identify messages and messenger parameters that are compatible with a recipient profile, and to configure the messages for delivery to the recipient.

-5-

*Docket NO. PHP-168*

20 (currently amended).  The electronic message management system of ~~claim 2~~ claim1, wherein the individual message generator generates and sends the individual message via a means selected from the group consisting of: electronic mail, voice telephone, facsimile transmission, and digital transmission.

21 (currently amended).  The electronic message management system of ~~claim 2~~ claim1, wherein the individual message generator generates the individual message and sends the individual message via a means selected from the group consisting of an electronic means and a hardcopy means.

22 (original).   The electronic message generator system of claim 21, wherein the individual message generator generates the individual message and sends the individual message via an electronic means selected from the group consisting of electronic mail, voice telephone, facsimile transmission, digital transmission, computer network, voice mail, SMS, telex, and wireless transmission.

23 (original).   The electronic message generator system of claim 21, wherein the individual message generator generates the individual message and sends the individual message via a hardcopy means selected from the group consisting of paper media, magnetic media, and optical media.

-6-

*Docket NO. PHP-168*

# REMARKS

Applicant acknowledges that claims 1-23 are pending in the application, and that the Office currently holds claims 1-23 as rejected. Applicant thanks the Examiner for his careful review of the specification, and the correction made to the IDS of a typographical error.

Applicant herein amends claim 1 to more clearly indicate that which he considers to be his invention. Applicant amends claim 1 to include the limitations of original claims 2-4, 15 and 16. Therefore, the amendment of claim 1 is supported by the specification as originally filed and adds no new matter to the application. Further, Applicant herein requests cancellation of claims 2-4, 15 and 16 without prejudice. Other claims are amended to properly correct their dependency in view of the amendment to claim 1 and the aforementioned cancellation claims.

## 35 USC §112, 2d paragraph

The Office holds claims 5 and 6 rejected under 35 USC §102(e) as being indefinite. The Office contends that in claims 5 and 6, it is uncertain whether "the global communications network" refers to "a global network" or "a global digital communications network" of claim 1.

Applicant does not concur with the uncertainty expressed by the Office. In response, Applicant submits the term "a global network" is a portion of the descriptive part of the nominative phrase "a global network interactive recipient profile input form" describing the object of the phrase: "form." Whereas the nominative phrase "the global communications network" clearly has the noun "network" as its object. Applicant submits that insofar as neither nominative phrase has the same noun as its object, they are clearly understandable as being different objects. However, in the interest of expediting prosecution, Applicant herein amends claims 5 and 6 to recite the further descriptive adjective "digital" in conjunction with the nominative phrase "the global communications network."

-7-

27-MAY-2005 19:04 FROM:MOETTELI ET ASSOCIES 0041712301001          TO:USPTO          P.10/16

*Docket NO. PHP-168*

## 35 USC §102(e)

The Office holds claims 2-23 rejected under 35 USC §102(e) as being anticipated by Kamakura *et al.* (US Patent No. 6,047,310, the '310 patent) in view of Capps (US Patent No. 6,711,682. Applicant respectfully traverses these rejections.

In response, Applicant asserts that the electronic message management system of the present invention is not the same as the apparatus of the Kamakura '310 patent. The apparatus of Kamakura provides for "distributing non-specific information from a sender to a receiver..." Col. 1, lines 52-53. What this means is that the Kamakura apparatus does not receive messages addressed to a specific receiver. The Kamakura apparatus is is designed and functions as a message "matching filter" apparatus. It receives a message from a single sender and sends the message out to a plurality of receivers (who were non-specified by the sender) based on a match between a receiver's profile and the message's profile.

In contrast, in the present invention functions as a message "sorting filter" system. It receives a message sent to a specific (as opposed to a non-specific) receiver, and selects which of that individual receiver's "mail boxes" to sort the message into. The present system cannot relay a received message on to a plurality of non-specific receivers.

Applicant submits that the standard for finding anticipation is one of strict identity. In other words, to anticipate under §102, a single prior art reference must disclose all the elements, or disclose their equivalents functioning in the same way as the claimed invention (*Shanklin Corp. v. Springfield Photo Mount Co.*, 187 USPQ 129, 133). Further, "too many structural and operational differences" negate anticipation within the meaning of §102 (*ibid.*, 134). Neither the Kamakura apparatus nor the present invention can do what the other does. Nor is the Kamakura '310 patent enabling of the present invention. Because the Kamakura apparatus will not do what the present invention does, it does not *prima facie* anticipate the present electronic message management system of claim 1.

-8-

*Docket NO. PHP-168*

### 35 USC §103(e)

The Office holds claims 2-23 rejected under 35 USC §103(e) as being unpatentable over Kamakura *et al.* (US Patent No. 6,047,310, the '310 patent) in view of Capps (US Patent No. 6,711,682, the 682 patent). Applicant respectfully traverses these rejections.

*Regarding Original Claim 2:*

Applicant herein cancels original claim 2. Therefore, the rejections of original claim 2 and the claims dependent thereon are moot. However, Applicant herein amends original claim 1 to include the limitations of original claim 2 and others. Therefore, Applicant addresses the rejection of claim 2 and its dependents below regarding amended claim 1.

*Regarding Amended Independent Claim 1:*

Applicant submits that regarding currently amended claim 1, the Office has failed to establish a *prima facie* case of obviousness. Applicant asserts that Kamakura *et al.*, neither by itself nor in combination with the Capps '682 patent, does not render the invention of instant independent claim 1 obvious for the reasons set forth below.

**Prima Facie Obviousness**

The PTO has the burden under 35 USC §103 of establishing a *prima facie* case of obviousness. *In re Fine*, 837 F.2d 1071, 1074 (Fed. Cir. 1988). To establish a *prima facie* case of obviousness, three basic criteria must be met (MPEP §706.02(j)):

(1). There must be some suggestion or motivation in the reference itself to modify the reference or combine the teachings of the references to seek the invention of the instant claims; and

(2). There must be a reasonable expectation of successfully accomplishing the invention of the instant claims; and

-9-

*Docket N0. PHP-168*

(3). The prior art reference (or references when combined) must teach or suggest all the instant claim limitations.

Additionally, both the teaching (or suggestion) and the expectation of success must be found in the cited prior art, and not based on Applicant's disclosure. *In re Vaeck*, 947 F.2d 488, 20 USPQ2d 1438 (Fed. Cir. 1991).

Criterion 1; Suggestion or Motivation:

"THE PRIOR ART MUST SUGGEST THE DESIRABILITY OF THE CLAIMED INVENTION" (MPEP §2143.01, emphasis in original). Obviousness can only be established by a combination of prior art references where the teaching, or suggestion or motivation to make the combination is found in the references themselves.

Applicant submits that there is no suggestion or teaching in either of the cited references to provide electronic message management system having the features of a message "sorting filter" system, where a received message was sent to a specific (as opposed to a non-specific) receiver, and the system selects which of that individual receiver's "mail boxes" (receiving modalities) to sort the message into. Therefore, the combination of the cited references fail to meet Criterion 1 to establish a *prima facie* case of anticipation, the present rejection of claims is not proper under the MPEP.

Criterion 2; Reasonable Expectation of Success:

As noted above under §102, either the Kamakura apparatus nor the present invention can do what the other does. More particularly, the Kamakura '310 patent is not enabling of the present invention, Kamakura neither alone or in combination with Capps enables the receiver to designate "where, when and how" specific types of messages from a sender/messenger are to be sorted for delivery to the receiver/recipient. For example, in the present invention the recipient can designate in advance that car advertisements from one sender/messenger go to email address-1 anytime one arrives at the present message management system, that statements from the bank go to email address-2 on the

-10-

*Docket NO. PHP-168*

15th of the month, that the bill from the utility company goes to email address-3 on the first of the month and is copies to email address-2, etc. The teachings of Kamakura, neither alone or in combination with Capps, has any expectation of accomplishing this object of the present invention. Because the Kamakura/Capps do not enable the present invention, they do not *prima facie* anticipate the present electronic message management. Therefore, Criterion 2 is not met and the present rejection of claims is not proper under the MPEP examining practice.

Criterion 3; Must Teach or Suggest All the Claim Limitations:

*Inter alia*, the message management system of instant claim 1 recites the limitation of "delivery parameters" on the profile data. Further, instant claim 1 recites the additional limitation on the delivery parameters including data on "where, when and how specific types of messages from a messenger are delivered to a recipient." These limitations are not taught or suggested in either the Kamakura or the Capps references.

Another limitation of instant claim 1 is an "individual message generator. . . to generate an individual message to be sent. . . to a recipient *specified* by a messenger." Emphasis added. To the contrary, in a combination of Kamakura and Capps (even if successfully combined) the sender transmits its message to the apparatus; it is the apparatus that designates the receiver of the message.

Therefore, the cited references, neither alone nor in combination teach or suggest all the limitations of instant claim 1, and criterion 3 is not met and the present rejection of claims again is not proper under the MPEP.

*Regarding Claims : Rejection Moot*

In view the above amendment and remarks regarding independent claim 1, Applicant submits that the current rejection of dependent claims 5-10, 17-23 and claims 11-14 under §103(e) is now moot.

-11-

*Docket NO. PHP-168*

Applicant believes that the above amendments and remarks are fully responsive to the Office Action mailed 10 February 2005. Applicant respectfully requests reconsideration and removal of all objections and rejections of claims, and that, in view of the above amendments and remarks, the application is now in condition for allowance. Applicant respectfully requests the Examiner to contact the undersigned to timely resolve any minor issues that may remain in the application. Alternatively, Applicant invites the Examiner to suggest alternative claim language for Applicant's consideration, in order to facilitate timely prosecution of this application.

Respectfully submitted,

25 May 2005
Date

Sherman D. Pernia, Patent Agent
Registration No. 34,404
281-996-0449

-12-