IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **PETER PEDERSEN,** *Plaintiff,* | § § § § § § § § | |
| v. | | CIVIL NO. 6:22-CV-00408-ADA |
| **ZOHO CORPORATION,** *Defendant.* | | |

## ORDER GRANTING MOTION TO TRANSFER

Before the Court is Zoho Corporation's ("Zoho") Motion to Transfer Venue to the Austin Division. ECF No. 14. Zoho filed its Motion on October 20, 2022. Ordinarily, non-movants have 14 days to file a response to a motion. Local Rule CV-7(D)(1). Under this Court's Standing Order Governing Proceedings (OGP) 4.2– Patent Cases (the "OGP") § V, when a defendant files a motion to transfer venue, the plaintiff may take venue discovery and move back filing deadline for a response. Section V provides as follows:

> Venue or jurisdictional discovery automatically opens upon the filing of an initial venue or jurisdictional motion and shall be completed no later than 10 weeks after the filing of such motion. Parties shall file a notice of venue or jurisdictional discovery if the discovery will delay a response to a motion to transfer.

Although venue discovery is automatically granted, the plaintiff must still respond within 14 days in one of two ways: (1) file a response to the motion to transfer, or (2) file a notice of venue or jurisdictional discovery if the discovery will delay a response to a motion to transfer.

In this case, Plaintiff Peter Pedersen ("Pedersen") filed a Notice of Venue Discovery on October 26, 2022, stating that he "intends to conduct venue discovery in this case" and "will conduct venue discovery to retain this case in the Western District of Texas." ECF No. 15. That notice was filed within the 14-day window as required by the OGP and was therefore timely.

Venue discovery should have been 10 weeks, however, with a closing date of December 29, 2022. Its response to the Motion would then have been due on January 12, 2023. Because Pedersen did not conduct any venue or jurisdictional discovery, his response to the Transfer Motion was due on November 3, 2022—14 days after the motion was filed. *See* OGP § VI (response due "14 days after the completion of venue or jurisdictional discovery, ***if such discovery is conducted***; otherwise, 14 days after the Opening brief.") (emphasis added). Plaintiff's January 6, 2023 response was therefore overdue by more than two months.

Zoho requests that the Court deem its Transfer Motion unopposed and grant the relief requested therein to transfer this case to the Austin Division. ECF No. 17. Pedersen responds that its filing of a Notice of Venue discovery "reset the date of Pedersen's response to Zoho's Motion to January 5, 2023." *See* ECF Nos. 18–19. Pedersen cites no authority or section of the OGP that would support resetting the due date of Pedersen's response to January 5, 2023. The OGP states that the response to a transfer motion is "due 14 days after the completion of venue or jurisdictional discovery, if such discovery is conducted; otherwise, 14 days after the Opening Brief." OGP 4.2 § VI. Pedersen did not conduct any discovery, so his response was due on November 3, 2022 (14 days after Zoho's Opening Brief).

Pedersen also claims that he did oppose by filing a Notice of Venue Discovery. *See* ECF Nos. 18–19. But in this District, motions may be considered unopposed when there is no response filed within the time period prescribed by the Local Rules. Local Rule CV-7(D)(2) ("If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed."). And when motions are unopposed, a court may grant the motion. *See id.* The Court finds here that Pedersen's Notice of Venue Discovery does not constitute a sufficient response under Local Rule CV-7(D)(2).

Zoho cites to numerous cases where this Court and others in the Western District of Texas have granted unopposed motions. *See Traxcell Techs., LLC v. Google LLC*, No. 6:21-CV-1312-ADA, 2022 WL 3593054, at *1 (W.D. Tex. Aug. 22, 2022) ("Because Plaintiff did not file a response or notice of venue discovery within 14 days, the Court considers this Motion unopposed. When motions are unopposed, a court may grant the motion."); *De La Vega v. Amazon (USA), Inc.*, No. 6-19-cv-00618 (W.D. Tex. Feb. 07, 2020) (Text order stating, "[b]ecause Mr. De La Vega has not filed his response within the 7-day time period prescribed by Local Rule CV-7, the Court GRANTS this motion as unopposed."); *Jefferson St. Holdings Intellectual Property LLC v. Tech21 Inc.*, No. 5-18-cv-00806, slip op. at 1 (W.D. Tex. Oct. 29, 2019) ("Although the deadline has passed, no response has been received by the Court. Accordingly, the Court considers the motion to be unopposed."); *Yeti Coolers, LLC v. RTIC Coolers, LLC*, No. 1-15-cv-00597, 2016 WL 5956081, at *2 (W.D. Tex. Aug. 01, 2016) ("For good cause shown, and as RTIC did not timely respond to YETI's motion for redaction, the Court grants YETI's motion as unopposed."); *Kaden v. Smith*, No. 3-15-cv-00146, slip op. at 1 (W.D. Tex. Mar. 09, 2016) ("As of this date, Defendant has filed no response. Therefore, the Court will grant Plaintiff's Motion as unopposed.").

Because Defendant's Motion is unopposed, the Court **GRANTS** Zoho's Motion to Transfer Venue to the Austin Division (ECF No. 14).

SIGNED this 23rd day of January, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE